**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOLAN JAMES,                )
                                   )
        Petitioner,      )
                                   )
     v.                )      Civil Action No. 11-0554 (GK)
                                   )
UNITED STATES,           )
                                   )
        Respondent.      )

### MEMORANDUM OPINION

Petitioner Nolan James filed a "Motion for Speedy Trial of Federal Charges or Dismissal of Charges" in the United States District Court for the Middle District of Louisiana. The matter has been transferred to this Court, and it has been treated as a petition for a writ of habeas corpus. On consideration of the petition and the government's response to the Order to Show Cause, the petition will be denied.

### BACKGROUND

Petitioner was charged with first degree murder on or about June 6, 1979, and the Superior Court of the District of Columbia issued a warrant for his arrest. Memorandum of Law in Support of Granting Motion for Speedy Trial of Federal Charges or Dismissal of Charges ("Pet'r's Mem.") at 1. Before the warrant could be executed, petitioner "was arrested, charged, convicted

1

and sentence[d] in the Parish of Ascension, State of Louisiana, for another . . . crime [committed] on or about February 12, 1979." *Id.* Petitioner has been sentenced to a term of life imprisonment for that crime, *id.*, and he currently is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, *see id.* at 3. The District of Columbia arrest warrant apparently had been lodged as a detainer "with the Parish of Ascension Sheriff's Office, Department of Public Safety and Corrections for the State of Louisiana." *Id.* at 3.

According to petitioner, the existence of the detainer "is adversely affecting [his] eligibility for custody [sic] and the conditions of [his] confinement." Pet'r's Mem. at 3. In order to rid himself of the warrant's effects, petitioner demands resolution of the pending District of Columbia murder charge. Specifically, he "request[s] a speedy trial upon the charge pending in the . . . Superior Court . . . or, in the alternative, that the charge pending be dismissed and the detainer request be withdrawn." *Id.*

Respondent represents that, on June 14, 2011, a Deputy United States Marshal for the District of Columbia sent a memorandum to the Louisiana State Penitentiary Records Department requesting cancellation of the detainer. *See* Government's Response to Order to Show Cause ("Gov't Resp."),

2

Ex. 1 (fax cover page).  In relevant part, the memorandum

states:

> The United States Marshals Service received a request
> from Washington, D.C. Superior Court Assistant U.S.
> Attorney Glenn Kirschner on 06/13/2011 to lift the
> detainer currently held on prisoner James NOLAN . .
> .[,] SID 103906[,] who currently is in your custody.
> The Washington, D.C. U.S. Attorney's Office will Nolle
> Prosequi (Will not prosecute) the case in which the
> detainer you have on file is for.  The U.S. Marshals
> Service is the current holder of the detainer . . . .
> We formally request this detainer be lifted/canceled
> on the above named prisoner.

*Id.*, Ex. 1 (Memorandum from Deputy U.S. Marshal Pete Amico to

Louisiana State Penitentiary – Records Department dated June 14,

2011).  Handwritten notes on the fax cover page and memorandum

acknowledge receipt of the memorandum by the Louisiana

authorities and reflect its return to the D.C. Superior Court

Warrant Squad.  *See id.*, Ex. 1.

## DISCUSSION

Respondent contends "that the petition is properly

construed as a[] . . . request" under the Interstate Agreement

on Detainers ("IAD"), *see* D.C. Code § 24-801, and points out

petitioner's failure to conform to its requirements.  Gov't

Resp. at 2.  These deficiencies are of no moment, however,

because the United States Attorney for the District of Columbia

has cancelled the offending detainer.  As respondent's counsel

3

represents, "no untried indictment, information, or complaint is

pending against the petitioner in the District of Columbia,"

Gov't Resp. at 4, rendering the petition moot.  Accordingly, the

Court will deny the petition and dismiss this action.

   An Order accompanies this Memorandum Opinion.




                              GLADY KESSLER
                              United States District Judge

DATE:  October 12, 2011